UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re:
ELVIS LYNN BIANCO         CHAPTER 13 PROCEEDING
                          CASE NO. 13-21911-dob
                          HON. DANIEL S. OPPERMAN
     xxx-xx-3776

     Debtor.
_____/

Notice of Deadline to Object to Proposed Chapter 13 Plan Modification

The deadline to file an objection to the attached proposed chapter 13 plan modification is 21 days after service.

If no timely objection is filed, the proponent of the plan modification may file a certificate of no objection and the modified plan will then become effective.

If a timely objection is filed, the Court will set the matter for hearing and give notice of the hearing to the debtor, the proponent of the plan modification, the trustee and any objecting parties. In that event, the plan modification will become effective when the Court enters an order overruling or resolving all objections.

Objections to the attached proposed chapter 13 plan modification shall be served on the following:

| | |
|---|---|
| MICHAEL J. SHOVAN | THOMAS W. McDONALD |
| 5090 STATE STREET | CHAPTER 13 TRUSTEE |
| BUILDING A | 3144 DAVENPORT AVE |
| SAGINAW MI 48603 | SAGINAW MI 48602 |

                                      MICHAEL J. SHOVAN

Date: June 25, 2014        /s/ Michael J. Shovan
                                     Michael J. Shovan (P43362)
                                     Attorney for Debtors
                                     5090 State Street, Bldg A
                                     Saginaw MI 48603
                                     (989) 233-9389
                                     mike@mikeshovan.com

IN RE:

    **Elvis Lynn Bianco**                                       CASE NO. 13-21911-dob  
                                                                      CHAPTER 13  
S.S.#  **xxx-xx-3776**                                  JUDGE DANIEL S. OPPERMAN

> **PLAN SUMMARY**
>
> *For informational purposes only.*
>
> ACP: **60** Months  
> Minimum Plan Length: **60** Months  
> Plan payment: $ **151.00** per Month  
> Minimum dividend to Class 9 Creditors $ **0.00**  
> Percentage of Tax Refunds committed: **50%**

                              Debtor.  
_____/

**CHAPTER 13 PLAN**

[ ] Original                  ***OR***       [ ]Pre-Confirmation Modification #          [X] Post-Confirmation Modification #1

> **NOTICE TO CREDITORS:**  
> **YOUR RIGHTS MAY BE AFFECTED. THIS PLAN MAY BE CONFIRMED AND BECOME BINDING WITHOUT FURTHER NOTICE OR HEARING UNLESS A TIMELY WRITTEN OBJECTION IS FILED.**  
> **READ THIS DOCUMENT CAREFULLY AND SEEK THE ADVICE OF AN ATTORNEY**.

I.    **STANDARD MODEL PLAN; INCORPORATION OF ADDITIONAL TERMS, CONDITIONS AND PROVISIONS; ALTERATIONS NOTED:**

    A.    **THIS PLAN IS SUBJECT TO AND INCORPORATES BY REFERENCE THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS WHICH MAY BE FOUND AT WWW.13EDM.COM or WWW.MIEB.USCOURTS.GOV.**

           **INTERESTED PARTIES MAY ALSO OBTAIN A WRITTEN COPY OF THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS APPLICABLE TO CHAPTER 13 PLANS FROM DEBTOR'S COUNSEL UPON WRITTEN REQUEST.**

    B.    This Plan conforms in all respects to the Standing Chapter 13 Trustees' Model Plan which is referenced in Administrative Order 12-05 issued by the U.S. Bankruptcy Court for the Eastern District of Michigan. Those sections of this Plan that vary from the Model Plan are listed in this paragraph (any alterations not stated in this section are <u>void</u>):

II.   **APPLICABLE COMMITMENT PERIOD; PLAN PAYMENTS; PLAN LENGTH; EFFECTIVE DATE AND ELIGIBILITY FOR DISCHARGE:**

    A.    Debtor's Plan Length shall be **60** months from the date of entry of the Order Confirming Plan.

    B.    Debtor's plan payment amount is **$151.00** per month.

    C.    Future Tax Refunds. *See Paragraph A of the Additional Terms, Conditions and Provisions for additional information regarding Tax Refunds and Tax Returns.*

**FOR CASES ASSIGNED TO BAY CITY DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*

1.  ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is not required to remit any future tax refunds.
2.  ☒ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *does not* include a

pro-ration for anticipated tax refunds. Debtor will remit 50% of all Federal and State Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.

3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *includes* a proration for anticipated Federal Tax Refunds. Debtor will remit 100% of all Federal and State Tax Refunds that Debtor receives or is entitled to receive after commencement of the case to the extent the refund exceeds the sum of twelve times the amount of the Federal and State Tax Refund pro-ration shown in Schedule I.

States Code, and all applicable Local Bankruptcy Rules regarding operation of the business and duties imposed upon the debtor.

**III. DESIGNATION AND TREATMENT OF CLASSES OF CLAIMS:** *See Paragraph F of the Additional Terms, Conditions and Provisions for additional information regarding the order in which claims are to be paid.*

  A. **Class One – TRUSTEE FEES** as determined by statute.

  B. **Class Two** – ADMINISTRATIVE CLAIMS, INCLUDING ATTORNEYS FEES AND COSTS:

   1. **PRE-CONFIRMATION ATTORNEY FEES:** In lieu of filing a separate fee application pursuant to 11 USC §327 and §330, accept the sum of $ **3,000.00** for services rendered plus $ **0.00** for costs advanced by Counsel, for total Attorney Fees and Costs of $ **3,000.00** through the Effective Date of the Plan. The total Attorney Fees and Costs less the sum of paid to Counsel prior to the commencement of this case as reflected in the Rule 2016(b) Statement leaving a net balance due of $ **3,000.00** , will be paid as an Administrative Expense Claim.

   2. **POST-CONFIRMATION ATTORNEY FEES:** *See Paragraph D of the Additional Terms, Conditions and Provisions for additional information.*

   3. **RETENTION OF OTHER PROFESSIONALS FOR POST-PETITION SERVICES: N/A**

   4. **OTHER ADMINISTRATIVE EXPENSE CLAIMS:** Any administrative expense claims approved by Order of Court pursuant to 11 USC §503 shall be paid as a Class Two administrative claim. *See Paragraph E of the Additional Terms, Conditions and Provisions for additional information.*

  C. **CLASS THREE – SECURED CLAIMS TO BE STRIPPED FROM THE COLLATERAL AND TREATED AS UNSECURED CLAIMS TO BE PAID BY TRUSTEE. N/A**

  D. **CLASS FOUR - SECURED CLAIMS ON WHICH THE LAST CONTRACTUAL PAYMENT IS DUE BEYOND THE LENGTH OF THE PLAN. 11 USC §1322(b)(5). N/A**

  E. *CLASS FIVE - SECURED CLAIMS ON WHICH THE LAST PAYMENT WILL BECOME DUE WITHIN THE PLAN DURATION. 11 USC §1322(c)(2).*

   1. NA

   2. **Creditors not to be paid Equal Monthly Payments, 11 USC §1325(a)(5)(A):**

| Creditor/Collateral | Treatment | Value of Claim | Interest Rate | Total to be paid including interest | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|---|---|---|
| **State of MI** | **NA** | **$334.00** | **4.25** | **$371.00** | **NA** | **Trustee** |

   3. NA

  F. **CLASS SIX – EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES. 11 USC §§365, 1322(b)(7):N/A**

  G. *CLASS SEVEN – PRIORITY UNSECURED CLAIMS. 11 USC §§507, 1322(a)(2).*

   1. *Domestic Support Obligations: Continuing Payments that come due on and after the date of the Order for Relief:*

| Creditor | Monthly Payment | Direct or Via Trustee |
|---|---|---|
| **Bay County Friend of the Court** | **$768/month** | **Direct** |

*2. Domestic Support Obligations: Pre-Petition Arrearages due as of the filing of the Order for Relief: N/A*

*3. All Other Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]*

| Creditor | Amount | Direct or Via Trustee |
|---|---|---|
| **State of Michigan - 2011** | **$705.00** | **Trustee** |
| **State of Michigan - 2012** | **$373.00** | **Trustee** |
| **State of Michigan - 2013** | **$1,353.00** | **Trustee** |

H. *CLASS EIGHT – SEPARATELY CLASSIFIED UNSECURED CLAIMS. 11 USC §1322(b)(1):* **N/A**

I. **CLASS NINE - GENERAL UNSECURED CLAIMS**:The Trustee shall pay the Unsecured Base Amount.

**IV.** **OTHER PROVISIONS:** The State of Michigan Tax Lien recorded at the Saginaw County Register of Deeds (B2675P381) shall be treated pursuant to MCL 600.2809(6)(d).

| | |
|---|---|
| **/s/ Michael J Shovan** | **/s/ Elvis L Bianco** |
| **Michael J Shovan P43362** | **Elvis L Bianco** |
| Attorney for Debtor | Debtor |
| **5090 State Street** <br> **Building A** <br> **Saginaw, MI 48603-7706** | |
| Street Address | |
| **Saginaw, MI 48603-7706** | |
| City, State and Zip Code | |
| **mike@mikeshovan.com** | |
| E-Mail Address | **June 25, 2014** |
| **(989) 233-9389** | Date |
| Phone Number | |

Chapter 13 Model Plan - version 3.0

3

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy
13-21911-dob    Doc 33    Filed 06/26/14    Entered 06/26/14 00:59:58    Page 4 of 7

# ATTACHMENT 1

## LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| **PERSONAL RESIDENCE** | | | | | |
| **REAL ESTATE OTHER THAN PERSONAL RESIDENCE** | | | | | |
| **HHG/PERSONAL EFFECTS** | | | | | |
| **JEWELRY** | | | | | |
| **CASH/BANK ACCOUNTS** | | | | | |
| **VEHICLES** | | | | | |
| **OTHER (itemize)** | | | | ALL EXEMPT | |

| | | |
|---|---|---|
| Amount available upon liquidation | $ | 0.00 |
| Less administrative expenses and costs | $ | 0.00 |
| Less priority claims | $ | 0.00 |
| Amount Available in Chapter 7 | $ | 0.00 |

Chapter 13 Model Plan - version 3.0

4

**ATTACHMENT 2**

CHAPTER 13 MODEL WORKSHEET
LOCAL BANKRUPTCY RULE 3015-1(B)(2 E.D.M.)

1. Length of Plan is **60** months

2. Initial Plan Payment:

   **Total paid in through June 2014 = $926.00**

3. Additional Payments: **$151.00** per month x 51 months = **$7,701.00**

4. Lump Sums: $**0.00**

5. Total to be paid into Plan (total of lines 2 through 4) **$8,627.00**

6. Estimated Disbursements other than to Class 9 General Unsecured Creditors

   a. Estimated trustee's fees **$450.00**

   b. Estimated Attorney Fees and costs through confirmation of plan **$3,000.00**

   c. Estimated Attorney Fees and costs Post-confirmation through duration of Plan **$750.00**

   d. Estimated Fees of Other Professionals $**0.00**

   e. Total mortgage and other continuing secured debt payments $**0.00**

   f. Total non-continuing secured debt payments (including interest) **$371.00**

   g. Total priority claims **$2,431.00**

   h. Total arrearage claims $**0.00**

7. Total Disbursements other than to Class 9 General Unsecured Creditors (Total of lines 6.a through 6.h) $ **$7,002.00**

8. Funds *estimated* to be available for Class 9 General Unsecured Creditors (item 5 minus item 7) $ **1,625.00**

9. Estimated dividend to Class 9 General Unsecured Creditors in Chapter 7 proceeding (see liquidation analysis on page 6) $ **0.00**

COMMENTS:

Chapter 13 Model Plan - version 3.0

5

# United States Bankruptcy Court
**Eastern District of Michigan**

In re **Elvis Lynn Bianco**  
Debtor(s)

Case No. **13-21911**  
Chapter **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **June 26, 2014**, a copy of Debtor's First Chapter 13 Plan Post Confirmation was served electronically on all creditors listed on the matrix and by regular United States mail to all interested parties and the Trustee, including the following:

Thomas W. McDonald,Jr., Chapter 13 Trustee      ecf@mcdonald13.org

Moe Freedman, MI Department of Treasury      freedmanm1@michigan.gov

**/s/ Michael J Shovan**  
**Michael J Shovan P43362**  
**Law Office of Mike Shovan PC**  
**5090 State Street**  
**Building A**  
**Saginaw, MI 48603-7706**  
**(989) 233-9389Fax:(989) 262-4027**  
**mike@mikeshovan.com**